**UNITED STATES of America, Appellee,**

v.

**Lawrence M. ROSENTHAL, Appellant.**

No. 81–6806.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 1, 1982.
Decided March 8, 1982.
Rehearing and Rehearing En Banc
Denied April 5, 1982.

Terrence B. Adamson, Atlanta, Ga. (Hansell, Post, Brandon & Dorsey, Atlanta, Ga.,

Charles Porter, McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, Columbia, S. C., James F. Neal, Neal & Harwell, Nashville, Tenn., Dennis E. Curtis, Judith Resnik, New Haven, Conn., University of Southern California Law Center, on brief), for appellant.

Robert C. Jendron, Jr., Asst. U. S. Atty., Columbia, S. C. (Henry Dargan McMaster, U. S. Atty., Columbia, S. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Convicted of conspiring to import marijuana into the United States, Lawrence M. Rosenthal appeals to this Court to find abuse of discretion in the District Court's refusal to grant his motion to reduce sentence. Finding no extraordinary attending circumstances that justify our intervention in the sentencing process, we affirm.

Rosenthal and divers codefendants were charged in a two-count indictment with the importation of marijuana and conspiracy to import marijuana. All of the defendants, save Rosenthal, successfully imported 33,-000 pounds of marijuana into this country in late December 1977. Following the completion of this operation, Rosenthal agreed to provide the group with $15,000.00 to finance the importation of another large quantity of marijuana. The latter scheme, however, was not consummated.

Rosenthal was tried jointly with one of his codefendants, Alan Arruda; the jury declared Arruda guilty of both offenses, but convicted Rosenthal of conspiracy alone. The District Judge passed the maximum sentence on each defendant: five years imprisonment, a $15,000.00 fine and a special parole term of two years. See 21 U.S.C. § 960(b)(2). As Arruda was convicted of both offenses, he received two such sentences, running concurrently.

Rosenthal and Arruda appealed, but the convictions were affirmed. *United States v. Arruda*, 634 F.2d 627 (4th Cir. 1980) (unpublished opinion). The Court, however, vacated the special parole term imposed on each defendant as required by *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).[1] In no other aspect were the sentences disturbed. Afterwards, Rosenthal presented timely petition for reduction of his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. This petition was accompanied by a plethora of documents attesting to Rosenthal's character and pressing the adverse effects of his imprisonment on members of his family. After "carefully review[ing] the motion, files and records in this case, along with the memorandum and letters in support of the motion," the District Court denied the motion. *United States v. Rosenthal*, Cr. No. 78–234 (D.S.C. July 23, 1981). This appeal followed.

 Rosenthal pleads that he was merely a minor actor in an unperfected conspiracy, undeserving the maximum sentence. He further lays emphasis upon his personal history, which is replete with public service and free of any previous criminal entanglement. The Government, however, disputes Rosenthal's claim as a minor actor in the undertaking, characterizing him instead as the critically important "money man" of the operation. The District Court's assessment of Rosenthal's culpability clearly was more consonant with the Government's.

Our role in sentencing is exactingly circumscribed.

If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute.

*Dorszynski v. United States*, 418 U.S. 424, 440–41, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855 (1974) (quoting *Gurera v. United States*, 40 F.2d 338, 340–41 (8th Cir. 1930)). The *Dorszynski* rule does have limited exceptions, but none apply here.[2]

Intercession on appeal has been exercised if the defendant demonstrates that the sentencing court mechanically imposed stiff penalties in all instances of a particular nature without consideration of the individual defendants involved. *See, e. g., Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973); *United States v. Daniels*, 446 F.2d 967 (6th Cir. 1971). To prevail for this reason, however, the defendant must aver and prove that the sentencing judge consistently and deliberately disregarded factors clearly relevant to the fixing of a sentence appropriate for each defendant. Allegations that the trial judge exemplified the practice of imposing like sentences for like offenses plainly fall short of this burden.

As no reason appears for intrusion upon the sentencing now in review, the judgment on appeal is

*Affirmed.*

---

1. In *Bifulco* the Supreme Court held that Congress did not provide for the imposition of special parole terms upon conviction of conspiracy alone.

2. This Court has vacated sentences when the sentencing court discriminated on the basis of sex, *United States v. Maples*, 501 F.2d 985 (4th Cir. 1974), increased the defendant's sentence because of possible crimes committed between indictment and conviction, *United States v. Eberhardt*, 417 F.2d 1009 (4th Cir. 1969), or failed to consider a psychiatric evaluation rendered during the pendency of the appeal. *United States v. Stumpf*, 476 F.2d 945 (4th Cir. 1973). In the instant case, the sentencing court had the benefit of all psychiatric reports.