UNITED STATES of America,
Plaintiff-Appellee,

v.

Andrew Kennedy BROWN,
Defendant-Appellant.

No. 84–3744.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1985.

Andrew Kennedy Brown, defendant-appellant, pro se.

Donald L. Beckner, U.S. Atty., James Stanley Lemelle, Asst. U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before CLARK, Chief Judge, RANDALL and GARWOOD, Circuit Judges.

**456**

PER CURIAM:

IT IS ORDERED that the motions to proceed in forma pauperis and for appointment of counsel are DENIED. IT IS FURTHER ORDERED that the district court's judgment is VACATED, and this matter is REMANDED with instructions to DISMISS for lack of jurisdiction.

■ Brown has appealed the October 2, 1984, denial of his September 26, 1984, motion for relief under 28 U.S.C. § 2255. He does not question the legality of his conviction or the validity of the five-year federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed, a function statutorily committed to the Attorney General in the first instance. *See U.S. v. Mathis*, 689 F.2d 1364, 1365 (11th Cir.1982). Claims for presentence credit under 18 U.S.C. § 3568, for sentences imposed after the effective date of the 1966 amendment, are not cognizable in § 2255 or Fed.R.Crim.P. 35 proceedings. They must be addressed as habeas corpus petitions under 28 U.S.C. § 2241. *U.S. v. Giddings*, 740 F.2d 770, 771–72 (9th Cir. 1984); *Soyka v. Alldredge*, 481 F.2d 303, 304–06 (3d Cir.1973); *see Blau v. U.S.*, 566 F.2d 526, 527–28 (5th Cir.1978) (denial of parole).

■ To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *Blau*, 566 F.2d at 527; *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). The petition giving rise to the judgment appealed from was filed when Brown was incarcerated in an Oklahoma federal penitentiary. Therefore, the court in Louisiana's Middle District lacked jurisdiction to afford Brown habeas relief. *Blau*, 566 F.2d at 527.

If we construed the appeal as from an earlier judgment relating back to initial filings, when Brown was imprisoned in Louisiana, the court still was without jurisdiction to afford habeas relief. Brown evidently did not exhaust administrative remedies known to him, as set forth in *Mathis*, 689 F.2d at 1365.

■ Jurisdictional considerations aside, Brown would still not be entitled to habeas relief in this Circuit on the basis of his factual allegations. Ordinarily, § 3568 credit need not be given to an individual incarcerated by another jurisdiction for an unrelated offense. *U.S. v. Dovalina*, 711 F.2d 737, 740 (5th Cir.1983). Brown has not alleged that release on state bail while his state charges were pending was prevented solely because of a federal detainer. Rather, he simply contends he was financially unable to post bail on either the state or federal charges. Thus, the federal detainer was not the exclusive cause of his state detention, and § 3568 credit would not be required. *Boyd v. U.S.*, 448 F.2d 477, 478–79 (5th Cir.1971), *cert. denied*, 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972).

■ Brown's federal sentence commenced following the declaration of his federal prison term, when he was received at the facility designated for service of his federal sentence. *Blackshear v. U.S.*, 434 F.2d 58, 59 (5th Cir.1970). Previous to that time, including short intervals while "on loan" to federal authorities pursuant to writs of habeas corpus ad prosequendum, the state's custody over Brown remained uninterrupted, and he was therefore due no § 3568 credit. *See id.; Crawford v. Jackson*, 589 F.2d 693, 695–96 (D.C.Cir.1978), *cert. denied*, 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979).