**UNITED STATES of America**

v.

**Robert Warren LYNCH, Movant.**

**Crim. No. 85–181, Civ. A. No. 4:86–2851–15H.**

United States District Court, D. South Carolina, Florence Division.

Nov. 5, 1986.

Eric Wm. Ruschky, Asst. U.S. Atty., Columbia, S.C., for U.S.

Jack B. Swerling, Richard Harpootlian, Swerling & Harpootlian, Columbia, S.C., for Lynch.

## ORDER

HAMILTON, District Judge.

In an order filed on September 25, 1986, the court disposed of a Rule 35 motion filed by counsel for Robert Warren Lynch, and certain *pro se* requests for relief submitted by Lynch were also considered in that order. One of the *pro se* requests sought credit on Lynch's sentence for "jail time," and the court observed why this request was unsupported, and advised Lynch that he should consult with the United States Bureau of Prisons to seek credit for any "jail time" to which he may be entitled under 18 U.S.C. § 3568.

Lynch has submitted a "motion for jail time served" which he characterizes as a motion based on 28 U.S.C. § 2255. Such characterization is inappropriate, for both the form of the motion and the lack of verification thereof violate the requirements for a motion to vacate sentence as specified in the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code.

In his unsworn motion, Lynch contends that he was arrested by North Carolina authorities for the same offense embodied in the federal indictment in which he was charged, and that he was detained in local custody in both North Carolina and South Carolina from May 27, 1985 to July 5, 1985 before he was released on bond in Horry County (South Carolina). If Lynch can support his claim that he was jailed for exactly the same charge which led to his federal prosecution, he may be entitled to the credit he seeks.[1] However, such credit cannot be ordered here under 28 U.S.C. § 2255, for a challenge to the execution of a federal sentence, such as Lynch's challenge to the computation of his sentence by the Bureau of Prisons, must be brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255, and the § 2241 challenge has to be brought in the judicial district which can acquire jurisdiction *in personam* over the complaining inmate or the inmate's custodian. *United States v. Shaffer*, 786 F.2d 1158 (4th Cir.1986); *United States v. Massingale*, 801 F.2d 392 (4th Cir.1986).[2] In Lynch's case, this would be the Northern District of Georgia.[3]

Because of a contingency that Lynch may receive administrative relief as a result of the letter written to his Warden by the United States Attorney for the District of South Carolina,[4] the court will not transfer Lynch's latest motion to the Northern District of Georgia, for the matter could be moot before such a transfer could be effected. Instead, Lynch's motion, which will be treated as a petition for habeas corpus relief under 28 U.S.C. § 2241, even though it is not verified as required by 28 U.S.C. § 2242, must be dismissed for want of jurisdiction.

## APPENDIX A

United States of America, Appellee,

versus

Thomas William Shaffer, Appellant.

No. 85–6407

### UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

Submitted: January 9, 1986

Decided: March 31, 1986

Appeal from the United States District Court for the Northern District of West

---

1. The court requested one of its magistrates to inquire about Lynch's claim. The magistrate's inquiries confirmed that Lynch did not spend a single day in federal custody until he reported after sentencing to a federal institution at Atlanta, Georgia, on May 29, 1986. However, the United States Attorney has written to Lynch's Warden to recommend that Lynch receive credit for local jail time because the federal prosecution apparently adopted some of the state charges for which Lynch was detained before he made bond in Horry County.

2. Because these are unpublished opinions, copies of the cases are annexed to this order.

3. Before Lynch files a § 2241 action, he should exhaust all administrative remedies available to him to challenge his sentence computation. See 28 CFR §§ 542.10, *et seq.*

4. A copy of the letter is also annexed to this order.

Virginia, at Elkins. W. Earl Britt, District Judge. (Cr. No. 84–4–E) (CA 85–81)

(Thomas William Shaffer, Appellant Pro Se. William A. Kolibash, United States Attorney, for Appellee.)

Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Thomas W. Shaffer, an inmate at the Federal Correctional Institute at Loretto, Pennsylvania, appeals from the district court's summary dismissal of his motion for postconviction relief under 28 U.S.C. § 2255. On June 25, 1984, Shaffer entered a plea of guilty to one count of a 43–count indictment of conspiracy to distribute cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 846 and was sentenced to a term of six years imprisonment and ordered to pay a fine of $2,000. His maximum exposure for a conviction of that offense was a term of imprisonment of 15 years and a fine of $25,000.

In his § 2255 motion Shaffer alleged that (1) coconspirators received lesser sentences and this disparity in sentences violated his right to due process; and (2) he was entitled to credit against his federal sentence for certain time spent in custody prior to satisfying state and federal bail requirements.

Our role in reviewing sentencing decisions of the district courts is very limited. As we pointed out in *United States v. Rosenthal*, 673 F.2d 722, 723 (4th Cir.1982):

> our role in sentencing is exactingly circumscribed. "If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by statute."

(quoting *Dorszynski v. United States*, 418 U.S. 424, 440–41, 94 S.Ct. 3042, 3051–52, 41 L.Ed.2d 855 (1974)).

In the absence of extraordinary circumstances, a sentence which does not exceed the statutory limits is within the sole discretion of the trial judge and will not be disturbed on appeal. *United States v. Pruitt*, 341 F.2d 700 (4th Cir.1965). Here the district court imposed a sentence on the defendant well within the statutory limits. We cannot now conclude that he abused his very broad discretion in doing so.

Shaffer also claims that he is entitled under 18 U.S.C. § 3568 to credit against his federal sentence for time spent in custody prior to satisfying state and federal bail requirements. Section 3568 and implementing directives provide for credit for "custody in connection with the offense or acts for which sentence was imposed." This administrative responsibility is left to the Attorney General.

We do not reach the merits of this claim because relief is not available under 28 U.S.C. § 2255. Shaffer's claim that he is entitled under 18 U.S.C. § 3568 to certain credit against his federal sentence addresses the computation and execution of the sentence rather than the sentence itself. "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984); *see also United States v. Brown*, 753 F.2d 455 (5th Cir.1985); *Soyka v. Alldredge*, 481 F.2d 303 (3d Cir.1973). The district court below did not have jurisdiction over this claim because the writ of habeas corpus under 28 U.S.C. § 2241 may only issue from a court with jurisdiction over the inmate or the inmate's custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court on the jail credit claim, and remand this case with instructions to dismiss that claim without prejudice to Shaffer's refiling it in the proper judicial district. In all other respects, we affirm the judgment below.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

## APPENDIX B

United States of America,
Plaintiff-Appellee,

versus

Danny R. Massingale,
Defendant-Appellant.

No. 86–7573

UNITED STATES COURT OF
APPEALS

FOR THE FOURTH CIRCUIT

Submitted: July 31, 1986

Decided: September 23, 1986

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Falcon B. Hawkins, District Judge. (CR No. 73–508)

(Danny R. Massingale, Appellant Pro Se. William Corley Lucius, Office of the United States Attorney, for Appellee.)

Before HALL, WILKINSON and WILKINS, Circuit Judges.

PER CURIAM:

Danny R. Massingale, a federal inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. In his petition, Massingale challenges certain actions of the United States Parole Commission relative to a parole revocation hearing, and to lost or forfeited good time while on parole. Massingale also seeks credit against his federal sentence for time served on a State of North Carolina sentence and for pre-conviction incarceration. We do not reach the merits of Massingale's claims because the court below was without jurisdiction to hear Massingale's petition.

While incarcerated at the federal correctional institution at Petersburg, Virginia, Massingale filed his § 2241 petition in the United States District Court for the Eastern District of Virginia. The district court mistakenly construed Massingale's petition as a motion for post-conviction relief under 28 U.S.C. § 2255, requiring that the petition be brought in the district court in which Massingale was convicted. Accordingly, the district court for the Eastern District of Virginia transferred Massingale's petition to the United States District Court for the District of South Carolina, Columbia Division.

The magistrate, to whom the District Court for the District of South Carolina referred Massingale's petition, recommended that (1) the part of the petition relating to a claim for jail credit which was raised in a previous § 2255 motion be dismissed as repetitious; and (2) the remainder of the petition be dismissed because it could not be initiated in the court for the District of South Carolina. After affording Massingale the opportunity to object to the magistrate's report and recommendation, and after reviewing Massingale's timely objections, the district court adopted the magistrate's report and dismissed the petition.

Massingale's claim for credit against his federal sentence for pre-conviction incarceration and for time served on a state sentence is not available under 28 U.S.C. § 2255. This claim addresses the computation and execution of the sentence rather than the sentence itself. As such, review may be had through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Brown,* 753 F.2d 455 (5th Cir.1985); *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984); *Soyka v. Alldredge,* 481 F.2d 303 (3rd Cir.1973); *see also United States v. Snow,* 748 F.2d 928, 933 (4th Cir.1984). Massingale's claims challenging certain actions and computations by the Parole Commission and the Attorney General likewise challenge the execution, rather than the imposition, of his sentence and must be brought under § 2241. *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Under 28 U.S.C. § 2241, jurisdiction of a petition for a writ of habeas corpus lies either in the district where the petitioner is incarcerated or in the district where the petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *United States v. Snow,*

*supra; Rheuark v. Wade,* 608 F.2d 304 (8th Cir.1979); *Blau v. United States,* 566 F.2d 526 (5th Cir.1978). The record indicates that Massingale is incarcerated at the federal correctional institution at Butner, North Carolina. For federal habeas corpus purposes Massingale's custodian is the warden of that institution. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2d Cir.1976). The district court for the District of South Carolina therefore lacked jurisdiction to consider any request from Massingale for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Court was without jurisdiction and its judgment cannot act as an adjudication on the merits. Moreover, because Massingale's original filing of this action in the District Court for the Eastern District of Virginia was, at that time, proper, and through no error of his the case was transferred to a district court lacking jurisdiction to consider it, we believe that the interests of justice would not be served by requiring him to start this action anew.

Accordingly, because the dispositive issues have recently been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court, and remand this case with instructions to transfer the petition to the proper judicial district.

VACATED AND REMANDED.

APPENDIX C

U.S. Department of Justice

United States Attorney

District of South Carolina

October 31, 1986

Warden
Federal Prison Camp
Atlanta, Georgia 30315
  RE: <u>Robert W. Lynch</u>
      83583-071

Dear Sir:

On October 27, 1986, Lynch filed in the District of South Carolina a Motion requesting credit for 38 days of pretrial confinement, pursuant to 28 U.S.C. § 2255. This motion should be filed in the Northern District of Georgia. Some of the charges in the federal indictment were the same as local charges on which Lynch had already been arrested. Therefore, assuming Lynch's dates are correct, in my opinion Lynch is entitled to credit for this time, pursuant to 18 U.S.C. § 3568.

Yours very truly,
VINTON D. LIDE
UNITED STATES ATTORNEY
BY: /s/ Eric Wm. Ruschky
ERIC WM. RUSCHKY
Assistant U.S. Attorney
Columbia Office
Tel. No. (803) 765-5125

EWR:rw