**UNITED STATES of America,**

v.

**John W. FOARD, III.**

**Crim. No. 86–136.**

United States District Court,
D. South Carolina,
Columbia Division.

May 27, 1987.

John W. Foard, pro se.

**ORDER**

HAMILTON, District Judge.

The defendant waived indictment and entered a plea of guilty on September 5, 1986 to a superseding information that charged him with illegally receiving and possessing approximately fifty (50) firearms which had moved in interstate commerce, he having been convicted earlier of misdemeanors punishable by terms of imprisonment of more than two years, in violation of 18 U.S.C.App. § 1202(a)(1). He was sentenced to two years on December 11, 1986, and ordered to pay a special assessment.

In an order filed on February 19, 1987, the sentence was modified under Rule 35 to provide that the defendant would become eligible for parole after service of eight months of the two-year sentence. Thereafter, the defendant submitted a motion requesting credit on his sentence for time spent in custody on unrelated state charges, and this motion was denied in an order filed on May 13, 1986.

On that same day, the defendant mailed another motion to the clerk's office ("MOTION TO CORRECT P.S.I.") in which he has asked the court to "order a correction" of his presentence investigation report (PSI report). He alleges that the United States Parole Commission (Commission) has placed him in category 4 under the Commission's Guidelines (Offense Characteristic Category) because, to quote him, the Commission "says my money factor is between $20,000 and $100,000 [which] is in error because I was indicted and plead guilty to possessing about 50 firearms out of a total of 168 firearms." He contends the "retail value" of the entire lot of 168 weapons "came to $43,000," but the value of the fifty weapons he possessed "should come to no more than $14,000," which would "clearly" put him into a category below category level 4. He states that his "parole hearing" is imminent, and he requests that his PSI report be corrected "in time for this parole hearing."[1]

---

1. The defendant also has a motion to vacate sentence pending. That case is Civil Action No. 3:87–765–15(B). He alleges as grounds for relief under 28 U.S.C. § 2255 that he was not a convicted felon who cannot legally possess firearms, and that because he had no knowledge that he cannot possess firearms, he lacked a criminal intent. The motion to vacate is presently pending before one of the court's magis-

■ The immediate and short answer to the defendant's motion is the fact that the PSI report is not incorrect. The prosecution version of the defendant's offense sets out clearly the circumstances of the defendant's crime.[2] Moreover, the clerk's minute sheet of the sentencing hearing notes that the defendant's counsel advised the court that he and the defendant had both reviewed the PSI report, and no discrepancies were found, thereby waiving any later claim of inaccuracies in that record.[3]

■ A second and perhaps more compelling reason to reject the defendant's motion is the lack of jurisdiction by this court to review a decision of the Commission. See *United States v. Lynch*, 647 F.Supp. 1293 (D.S.C.1986); and *United States v. Flint*, (4th Cir., 1987) [813 F.2d 1229 (Table)], page 3 of slip opinion. If the defendant has a valid reason to believe that the interpretation being given by the Commission to the PSI report is jeopardizing his parole possibilities, he must seek relief under 28 U.S.C. § 2241 in the Northern District of Georgia after exhausting administrative remedies available to him in the United States Department of Justice. *United States v. Legrano*, 659 F.2d 17, (4th Cir. 1981).

For the foregoing reasons, Foard's motion filed on May 19, 1987 is dismissed for lack of jurisdiction.

---

trates on a motion to dismiss filed by the United States Attorney.

**2.** Two other persons broke into a sporting goods store in East Flat Rock, North Carolina, on or about May 8, 1985, and stole 148 (not 168) assorted firearms. The two thieves brought the stolen firearms to Columbia, South Carolina, where they sold approximately one hundred (100) of them to a third person, one Jenkins. The defendant acquired the fifty (50) firearms

he illegally possessed during May of 1985 from Jenkins. The PSI report related that federal agents placed a wholesale value on the entire lot of 148 stolen firearms of $43,007.25. No mention is made of any estimated wholesale value for the fifty weapons possessed by the defendant.

**3.** See Rules 32(c)(3)(D) and 12(f) of the Federal Rules of Criminal Procedure.