856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Carl MONROE, Defendant-Appellant.
 No. 88-7612.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1988.
Decided Aug. 15, 1988.
 
 Samuel C. Monroe, appellant pro se.
 Patrick Michael Flatley, Assistant U.S. Attorney, Office of United States Attorney, for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Samuel Carl Monroe, a federal inmate, appeals from the district court's denial of his motion for post-conviction relief pursuant to 28 U.S.C. Sec. 2255. In his motion Monroe takes issue with the calculation of his release date. The district court concluded that the sentence imposed was within statutory limits and thus was neither unconstitutional nor in violation of the laws of the United States. Further, the court determined that the action should have been brought pursuant to 28 U.S.C. Sec. 2241. The Sec. 2255 motion was denied. Monroe appeals.
 
 
 2
 Our role in reviewing sentencing decisions of the district courts is very limited. As we pointed out in United States v. Rosenthal, 673 F.2d 722, 723 (4th Cir.1982):
 
 
 3
 [O]ur role in sentencing is exactingly circumscribed. "If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by statute."
 
 
 4
 (quoting Dorszynski v. United States, 418 U.S. 424, 440-41 (1974)).
 
 
 5
 In the absence of extraordinary circumstances, a sentence which does not exceed the statutory limits is within the sole discretion of the trial judge and will not be disturbed on appeal. United States v. Pruitt, 341 F.2d 700 (4th Cir.1965). Here the district court imposed a sentence on the defendant well within the statutory limits. We cannot now conclude that he abused his very broad discretion in doing so.
 
 
 6
 The district court correctly did not reach the merits of Monroe's claim because relief is not available under 28 U.S.C. Sec. 2255. Monroe's claim addresses the computation and execution of the sentence rather than the sentence itself. Review may be had through a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. United States v. Brown, 753 F.2d 455 (5th Cir.1985); United States v. Giddings, 740 F.2d 770 (9th Cir.1984).
 
 
 7
 A writ of habeas corpus under 28 U.S.C. Sec. 2241 may be issued only by a court having jurisdiction over the person who holds the petitioner in custody. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). Monroe's custodian is the warden of his prison in Oxford, Wisconsin. Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). The district court, therefore, did not have jurisdiction to rule on Monroe's claim.
 
 
 8
 Accordingly, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court on the release date claim, and remand with instructions to dismiss the motion without prejudice to allow Monroe to refile it, if he wishes, in the proper judicial district. In all other respects, we affirm the judgment below.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.