905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Carvet YOUNG, Defendant-Appellant.
 No. 89-7828.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 9, 1990.
Decided May 21, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-87-139-C; CR-87-138-C)
 Dennis Carvet Young, appellant pro se.
 Carl Horn, III, Office of the United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED AS MODIFIED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dennis Carvet Young appeals from the district court's order refusing Young's request for credit for time served. Young noted his appeal outside the 10-day period, but within the 30-day permissible extension period of Fed.R.App.P. 4(b). When a criminal defendant files a notice of appeal beyond the 10-day filing period, but within the 30-day permissible extension period, he or she is entitled to an opportunity to show excusable neglect. Because the facts in the record establish excusable neglect, a remand on this issue is unnecessary. United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985). However, since Young's Fed.R.Crim.P. 35 motion* does not attack the legality of his sentence, but seeks only credit for time served, we affirm the district court's denial of relief.
 
 
 2
 A request for credit for time served is properly pursued under 28 U.S.C. Sec. 2241 after exhaustion of administrative remedies, rather than under Rule 35. The Sec. 2241 petition must be brought in the district court with jurisdiction over the person who holds petitioner in custody. See United States v. Brown, 753 F.2d 455 (5th Cir.1985). Since Young is incarcerated in Florida, any claim for credit must be brought in the district court there. We accordingly affirm the district court's denial of relief on the ground that the court lacked jurisdiction to entertain the request for credit. We dispense with oral argument because the case is adequately presented in the record and briefs, and oral argument is unnecessary.
 
 
 3
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Young committed his crime prior to November 1, 1987; his motion is interpreted under the old Rule 35