919 F.2d 734
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James HARRIS, Defendant-Appellant.
 No. 88-5671.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 15, 1989.
Decided Dec. 7, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-86-15-N)
 Linda S. Laibstain, William F. Devine, Hoffman, Nusbaum, McPhaul & Samuels, Norfolk, Va., for appellant.
 Henry E. Hudson, United States Attorney, Robert B. Rae, Special Assistant United States Attorney, Michael D. Kmetz, Special Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant pleaded guilty pursuant to a written plea agreement to one count of an indictment charging receipt of stolen property of a value greater than $100 in violation of 18 U.S.C. Sec. 662 on the Naval Amphibious Base at Little Creek, Virginia. The date of the offense charged and the date to which the defendant pleaded guilty were March 24 and 25, 1985. Pursuant to the plea agreement, count one of the indictment was dismissed, and as well the United States agreed not to prosecute Harris in the Eastern District of Virginia for any other crimes then within the knowledge of the United States.
 
 
 2
 On October 20, 1988, the district court sentenced Harris to three years' confinement and ordered him to pay a special assessment of $50.
 
 
 3
 On appeal, Harris raises only two points. First, he contends that his attorneys were ineffective essentially because they did not investigate the offense properly. The second point is that the three year sentence was excessive.
 
 
 4
 No proof of ineffective counsel is offered other than the bare allegation thereof. On this record, we are of opinion that there is no evidence of ineffective counsel and we deny the claim. We should add, however, that such matters are ordinarily better taken care of under 28 U.S.C. Sec. 2255.
 
 
 5
 So far as the sentence is concerned, the term of three years is within the statutory authorization of 18 U.S.C. Sec. 662 and, under the circumstances present here, we have no authority to interfere with a sentence imposed by the district court within the statutory limits. United States v. Rosenthal, 673 F.2d 722 (4th Cir.1982).
 
 
 6
 The judgment of conviction including the sentence imposed is accordingly
 
 
 7
 AFFIRMED.