# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 99-20486
Summary Calendar

---

AMBERTO GARCIA,

Petitioner-Appellant,

VERSUS

JANET RENO,
ATTORNEY GENERAL OF THE UNITED STATES,
AND
RICHARD V. CRAVENER,

Respondents-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

November 22, 2000

Before SMITH, BENAVIDES, and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Amberto Garcia appeals the dismissal, for
want of jurisdiction, of his petition for writ of
habeas corpus. The respondents, Attorney
General Janet Reno and Richard Cravener,
Director of the Immigration and Naturalization
Service ("INS") (collectively, the "gov-

ernment"), raise substantive and procedural
objections to the appeal. We affirm.

I.

Garcia is a national of Mexico who married
a U.S. citizen in 1978 and consequently
attained lawful permanent residency in the
United States. After he received at least his
third conviction of driving while intoxicated

("DWI") under Texas law,[1] the INS instituted deportation proceedings under 28 U.S.C. § 1227(a)(2)(A)(iii), which renders deportable any resident alien convicted of an aggravated felony. After a removal hearing, an immigration judge found Garcia removable and ordered his removal to Mexico.

Garcia reserved appeal to the Board of Immigration Appeals (the "BIA") but ultimately failed to perfect the appeal.[2] He did not file an appeal to this court for direct review of the removal order but, instead, filed a habeas petition in district court under 28 U.S.C. § 2241. The district court dismissed the petition, concluding that 8 U.S.C. § 1252 restricts jurisdiction over such appeals to direct review in the court of appeals. Alternatively, the court held that it lacked subject matter jurisdiction because Garcia had failed to exhaust his statutory and administrative remedies, is not in the custody of the government for habeas corpus purposes, and failed to file the petition timely.

## II.

Garcia argues on appeal, as he did before the district court, that the BIA improperly interpreted the term "crime of violence" to include DWI, resulting in the removal order.[3] The government argues that the proper forum for such a challenge is not via habeas petition under § 2241, but instead by petition for direct review, as specified in 8 U.S.C. § 1252(b)(9). We review *de novo* the dismissal of a § 2241 petition on the pleadings. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

This matter is controlled by *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000), in which we held that 8 U.S.C. § 1152(b)(9) denies all federal habeas jurisdiction under § 2241 for certain criminal aliens, including those removed under § 1227(a)(2)(A)(iii), as Garcia was. *See id.* at 201. We further held that any habeas jurisdiction remaining under the Constitution was insufficient to encompass the petitioner's claim in that case, "'because the Supreme Court long ago made it clear that this writ does not offer what [petitioner] desire[s]: review of a discretionary decision[] by the political branches of government.'" *Id.* at 202 (citing *Yang v. INS*, 109 F.3d 1185 1195 (7th Cir. 1997)) (modifications in original).

At first glance, § 1252(b)(9) might raise concerns under the Suspension Clause, given that 8 U.S.C. § 1252(a)(2)(C) prohibits direct review of any final removal order under

---

[1] The record is murky with respect to Garcia's conviction record. While he admits, in his habeas petition, to only three convictions, the government's motion to dismiss references nine separate DWI convictions between 1984 and 1997.

[2] In reference to the failure to appeal, Garcia's habeas petition describes the "negligence and malpractice" of his former counsel. The petition raises no issues regarding ineffective assistance of counsel, however, and we will not raise the issue *sua sponte*.

[3] Under 8 U.S.C. § 1227(a)(2)(A)(iii), an alien who commits an aggravated felony is rendered deportable. Title 8 U.S.C. § 1101(a)(43)(F) defines "aggravated felony" to include a "crime of violence," as defined in 18 U.S.C. § 16, which defines "crime of violence" as "a felony . . . that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Because we have no jurisdiction to review the BIA's interpretation in a habeas posture, *see infra*, we express no view on whether DWI can reasonably be termed a "crime of violence."

§ 1227(a)(2)(A)(iii). As we noted, however, in *Max-George*, 205 F.3d at 199, even under § 1252(a)(2)(C), a court of appeals has jurisdiction to determine its own jurisdiction. When confronted with a petition for review from a criminal alien, a court of appeals must make three specific inquiries before dismissing the petition as barred by § 1252(a)(2)(C): (1) whether specific conditions act to bar jurisdiction over the petition for review; (2) whether the conditions that bar jurisdictionSSfor example, as in this case, deportation for an aggravated felonySShave been "constitutionally applied"; and (3) if the jurisdictional bar applies, whether the remaining quantum of judicial review satisfies the Constitution. *See Max-George*, 205 F.3d at 199-201.

Garcia's challengeSSwhether his crime is a ground for removal under § 1227(a)(2)-(A)(iii)SSwould properly be heard on direct review. In that posture, this court, in determining whether § 1252(a)(2)(C) applies to deny us jurisdiction to review the removal order, necessarily would inquire into whether DWI is a crime of violence.

Unfortunately, Garcia failed to petition for judicial review of his removal order; instead, he merely filed a habeas petition under § 2241. Unless his claim falls within the scope of the constitutionally-protected writ, the district court was without jurisdiction.

Garcia's claim is different from Max-George's, because he challenges the BIA's interpretation of "crime of violence," while Max-George challengedSSon due process groundsSSthe retroactive application of § 1227(a)(2)(A)(iii) to cover a crime committed before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act. *See id.* at 195. The difference in the challenges does not present a valid basis on which to distinguish *Max-George*, however. The provision that barred habeas jurisdiction in *Max-George* applies to "[j]udicial review of all law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter . . . ." 8 U.S.C. § 1252(b)(9).

Thus, § 1252(b)(9) plainly applies to Garcia's habeas challenge, which deals with the BIA's interpretation of "crime of violence" as defined by 18 U.S.C. § 16. For this reason, the district court was without jurisdiction to entertain Garcia's appeal, so that court's dismissal for want of jurisdiction is AFFIRMED.