United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40701
Conference Calendar

EDWARD LIONEL BLAKE,

Petitioner-Appellant,

versus

EDWARD PEREZ,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-464
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward Lionel Blake, now federal prisoner # 79357-079, was
sentenced to concurrent 360 month terms of imprisonment for
conspiracy to possess with intent to distribute cocaine base and
possession with intent to distribute cocaine base. At the time
of this conviction and sentence, Blake already was serving
undischarged state terms of imprisonment for violation of parole.
Blake's federal sentence was ordered to run concurrently with his
undischarged state sentences. Blake appeals the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denial of his 28 U.S.C. § 2241 petition, which sought credit on his federal sentence for the time he spent serving his state sentences prior to the imposition of his federal sentence.

Because Blake received credit against his state sentences for the time he served prior to the imposition of his federal sentence, he cannot receive credit against his federal sentence for that same time.  See 18 U.S.C. § 3585(b).  Blake also is not entitled to a credit for those times when he was in federal custody pursuant to a writ of habeas corpus ad prosequendam. See United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

To the extent that Blake is challenging the district court's application of, or failure to apply, U.S.S.G. § 5G1.3, he is challenging the sentence imposed, which is cognizable in a 28 U.S.C. § 2255 motion rather than under 28 U.S.C. § 2241. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.