# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20647
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

EVANS LEE JONES,

                              Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-404-ALL

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 1999, Evans Lee Jones, federal prisoner # 83852-079, was convicted of two counts of bank robbery and one count of possession of a firearm as a felon. The district court sentenced Jones concurrently to 120 months of imprisonment on the firearm count and 125 months of imprisonment on the bank robbery counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2008, Jones filed a pleading entitled, "Request for Nunc Pro Tunc Review of Sentence." Jones alleged that he was not credited for 220 days he spent in custody prior to being sentenced. Jones asked the district court to consider his good behavior and continuing education during his nine years in prison. The district court denied Jones's motion without assigning reasons or ordering a response from the Government.

Jones now appeals the denial of his pro se motion, arguing that he is entitled to credit for 220 days that he spent in custody before he was sentenced; the district court did not consider U.S.S.G. § 5G1.3 in determining whether his federal and state sentences should run concurrently or consecutively; and his postconviction rehabilitation should be considered.

Jones's argument that he did not receive presentence credit for 220 days that he spent in custody is not cognizable in 28 U.S.C. § 2255 proceedings; such an argument must be addressed under 28 U.S.C. § 2241. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). As Jones is not incarcerated in the Southern District of Texas, the district court did not have jurisdiction to consider such an argument from Jones. *See id.*

Jones's argument that the district court failed to correctly apply the Sentencing Guidelines is not cognizable under § 2255. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). His request for a reduced sentenced based on his good behavior in jail is also not cognizable under § 2255. *See* § 2255(a); *Segler*, 37 F.3d at 1137 (noting Congress's intent to "limit the types of claims cognizable under § 2255 to claims relating to unlawful custody").

The judgment of the district court is MODIFIED to reflect a dismissal in part due to the district court's lack of jurisdiction to entertain Jones's request for presentence credit for 220 days that he spent in custody, and this judgment is AFFIRMED as so modified.