# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

No. 09-10648
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMEN FRANKLIN WHITE, JR., also known as Benjamin Franklin White,
Jr., also known as Lynn White,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-4-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2002, Benjamen Franklin White, Jr., federal prisoner # 28122-177 pled
guilty to one count of being a convicted felon in possession of a firearm and was
sentenced to 96 months' imprisonment.

More than five years later, White filed a pleading entitled, "Request for
Nunc Pro Tunc Clarification of Judgment," asserting that, following his federal
sentencing, he had been incarcerated in a state prison facility for approximately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

six years.  He contended that he was entitled to credit against his federal sentence for the time spent in state custody.  The district court denied White's motion without assigning reasons.

White now appeals the denial of his pro se motion.  He argues that a remand is required because the district court did not assign reasons for the denial of relief.  Because the record conclusively shows that White is entitled to no relief, a statement of reasons was not required.[1]

White argues that he is entitled to credit on his federal sentence for the six-year period he spent in state custody following his sentencing by the district court.  White's claim for credit on his federal sentence for the time he was incarcerated in state prison should be construed as seeking habeas relief under 28 U.S.C. § 2241[2] because he is challenging the manner in which his sentence is being executed rather than the legality of his conviction or the validity of his sentence.[3]  This court "reviews de novo the dismissal of a § 2241 petition on the pleadings."[4]

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."[5]  White filed his pleading in the Northern District of Texas while incarcerated in a federal prison facility in Arkansas.  As a result, the district court was without jurisdiction to consider the merits of White's petition.[6]

---

[1] *See United States v. Edwards*, 711 F.2d 633, 633 (5th Cir. 1983).

[2] *See Leal v. Tombone*, 341 F.3d 427, 427–30 (5th Cir. 2003); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).

[3] *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

[4] *Garcia v. Reno*, 234 F.3d 257, 258 (5th Cir. 2000).

[5] *Brown*, 753 F.2d at 456.

[6] *See id*.

We modify the judgment of the district court to explicitly reflect a dismissal for want of jurisdiction to entertain White's request.  The judgment is affirmed as so modified.

AFFIRMED AS MODIFIED.