# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 10, 2018

Lyle W. Cayce
Clerk

No. 17-50619
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO AVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1205-7

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

In 2012, Mario Avila pleaded guilty to conspiracy to transport illegal aliens and was sentenced to 120 months of imprisonment. Almost five years later, Avila filed a motion for an order nunc pro tunc, seeking credit toward his federal sentence for a period of time he spent in state custody. The district court denied his motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50619

Avila now appeals the district court's denial of his motion. His claim for credit toward his federal sentence for the period he spent in state custody should have been construed as seeking habeas relief under 28 U.S.C. § 2241 because he is challenging the manner in which his sentence is being executed, rather than the legality of his conviction or the validity of his sentence. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)*; United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994). This court "review[s] de novo the dismissal of a § 2241 petition on the pleadings." *Garcia v. Reno*, 234 F.3d 257, 258 (5th Cir. 2000).

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001) (noting that a § 2241 petition must be filed in the district of the prisoner's incarceration). When Avila filed his pleading in the district court, he was incarcerated in the El Reno Federal Correctional Institution in Oklahoma, not in the Western District of Texas. Accordingly, the district court was without jurisdiction to consider the merits of Avila's § 2241 petition. *See Brown*, 753 F.2d at 456; *Reyes-Requena*, 243 F.3d at 895 n.3.

We modify the judgment of the district court to explicitly reflect a dismissal for want of jurisdiction to entertain Avila's request. The judgment is affirmed as so modified.

AFFIRMED AS MODIFIED.