# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 20-50247

Joseph James Falcetta, Jr.,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-368

Before Higginbotham, Stewart, and Wilson, *Circuit Judges.*

Per Curiam:*

Federal courts do not have jurisdiction over grievances related to computation of sentences and sentencing credit until exhaustion of administrative review by the Bureau of Prisons. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329, 335–36 (1992)). Joseph James Falcetta, Jr., federal prisoner # 06247-078,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50247

appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which challenged the Bureau's refusal to grant him sentencing credit toward his 120-month federal sentence for time spent serving his 44-year state sentence. The district court found it lacked jurisdiction over Falcetta's petition because he failed to exhaust administrative remedies before filing the petition. We agree; the district court's judgment is AFFIRMED.

## I.

In 1996, Falcetta and two others robbed a shuttle bus transporting Texans to a Louisiana casino. Falcetta and his partners in crime boarded the bus with shotguns they had modified by sawing off the barrels. Before the robbers could abscond from the bus, Texas sheriff deputies stopped the bus and arrested them. A month later, Falcetta was transferred to the custody of the U.S. Marshals Service. In June 1997, he stood trial and was sentenced by the Eastern District of Texas to 71 months in prison for armed robbery of a motor vehicle, under 18 U.S.C. § 2119, and 120 months in prison for possession of a short barreled shotgun during a crime, under 18 U.S.C. § 924(c).

As the Marshals processed Falcetta for service of his federal sentences, they discovered that Falcetta, under a writ of *habeas corpus ad prosequendum*,[1] was still under the primary custody of the sheriff's office. In September 1997, Falcetta was returned to the sheriff's office. In December 1997, Falcetta was sentenced to 44 years of imprisonment by a Texas state court.

---

[1] A writ of *habeas corpus ad prosequendum* is "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." *Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019).

No. 20-50247

In December 2018, while still imprisoned in Texas, Falcetta filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Falcetta alleged that his initial transfer to the Bureau of Prisons by the U.S. Marshals Service before his state conviction commenced his federal sentence. He contended that because the Bureau executed his sentence in 1997, all time served since then should be credited against his time to be served in federal custody. Falcetta's 71-month federal sentence for armed robbery was served concurrently with his state sentence. But his 120-month federal sentence was not, because 18 U.S.C. § 924(c)(1)(D)(ii) prevents that sentence from running concurrently with any other. Roughly two months after filing his petition, Falcetta was paroled by the state of Texas and transferred to the custody of the Bureau for service of his federal 120-month sentence. The district court dismissed Falcetta's petition, finding, *inter alia*, that it lacked jurisdiction to consider it because Falcetta had failed to exhaust administrative remedies before filing his petition.

## II.

We review the district court's dismissal de novo. *Garcia v. Reno*, 234 F.3d 257, 258 (5th Cir. 2000). Falcetta presents several errors allegedly committed by the district court. First, he asserts that the district court improperly dismissed his petition on the ground that he failed to exhaust his administrative remedies. Falcetta reasons that because he was a state prisoner and not in federal custody when he filed his petition, he was not bound by the Bureau's administrative remedies program. He alternatively contends that he exhausted his administrative remedies while his petition was pending. Next, Falcetta renews his arguments before the district court related to the merits of his sentencing calculation claim. He avers that the Government has effectively conceded the merits and has acted in bad faith in opposing his claim. Finally, he argues that his 18 U.S.C. § 924(c) conviction is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019).

No. 20-50247

Falcetta raises his first argument, that as a state prisoner he was not bound by the Bureau's administrative process at the time he filed his petition, for the first time on appeal. Therefore, we decline to address it. *See Ray v. Commissioner*, 13 F.4th 467, 476 (5th Cir. 2021). Falcetta also raises his *Davis* argument for the first time on appeal, so we likewise decline to address it. *Id.*

We do not address Falcetta's remaining merits arguments because the record establishes that the Bureau had not made a final decision on Falcetta's sentencing-credit request at the time Falcetta filed his § 2241 petition. Falcetta's assertion that he exhausted his administrative remedies is belied by the documents he submitted in the district court. His evidence of exhaustion, a letter from an Administrative Remedy Coordinator for the Bureau, notified Falcetta that he did not include certain necessary documents in his appeal and invited him to submit them so that his claim could be considered. This document plainly demonstrates Falcetta did not exhaust his administrative remedies, but even if it did, it was not generated until August 30, 2019, almost a year *after* Falcetta filed his petition. Dismissal for lack of jurisdiction was thus appropriate. *See Pierce v. Holder*, 614 F.3d 158, 160 n.1 (5th Cir. 2010).

AFFIRMED.

4