# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2021

Lyle W. Cayce
Clerk

No. 20-10422
Summary Calendar

Marshall Dewayne Williams,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-834

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Marshall Dewayne Williams, federal prisoner # 14130-077, appeals the dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. He argues that dismissal was error, urging that, because the district court accepted his petition for filing, jurisdiction was proper.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10422

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Because Williams was incarcerated in the federal prison located in Coleman, Florida, at the time of filing, the district court correctly concluded that it lacked jurisdiction over his § 2241 petition. *See Brown*, 753 F.2d at 456; *Reyes-Requena*, 243 F.3d at 895 n.3.

Accordingly, the judgment is affirmed. Williams's motion for the appointment of counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). His motion to expedite the appeal is likewise denied. Further, because the instant petition is Williams's third attempt to raise the same good-time-credit claim that he has previously raised, he is cautioned that future frivolous, repetitious, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

AFFIRMED;     MOTIONS     DENIED;     SANCTION WARNING ISSUED.