# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60511
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Craytonia Latroy Badger,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-14-1

———————————————————————

Before Clement, Southwick, and Higginson, *Circuit Judges*.
Per Curiam:[*]

   Craytonia Latroy Badger, federal prisoner # 17926-042, pleaded guilty to one count of possession of counterfeit or unauthorized access devices, and he was sentenced to 63 months of imprisonment, three years of supervised release, and restitution. After denying Badger's motion under Federal Rule of Civil Procedure 60(b) and second motion under 28 U.S.C. § 1651, the All

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Writs Act, the district court denied his motion for leave to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP in this court, Badger challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Badger's Rule 60(b) motion essentially challenged the amount of restitution he was ordered to pay. A challenge to a restitution order is a nonconstitutional issue that should be raised on direct appeal. *United States v. Hatten*, 167 F.3d 884, 887 & n.5 (5th Cir. 1999). Badger's second All Writs Action motion challenged the consecutive nature of his federal and state sentences. The proper vehicle for Badger to obtain consideration of this claim is a 28 U.S.C. § 2241 petition. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1990). Because Badger's motion was not filed in the district of his incarceration, the district court could not have considered his motion under § 2241. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Thus, the motions at issue were unauthorized and without a jurisdictional basis, and, as such, "he has appealed from the denial of . . . meaningless, unauthorized motion[s]." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Badger has therefore failed to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Badger's motion for leave to proceed IFP is DENIED. The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.