FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

January 29, 2008

**FOR THE TENTH CIRCUIT**

Elisabeth A. Shumaker
Clerk of Court

ROGER LEE REED,

        Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent-Appellee.

No. 07-3252
(D.C. No. 05-CR-10156-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Roger Lee Reed, a federal prisoner proceeding pro se, appeals from the

district court's orders denying his petitions for relief under 28 U.S.C. § 2241. In

his petitions, Mr. Reed sought credit against his federal sentence for time served

in state custody, which, he asserted, was due solely to a federal detainer. Because

the Attorney General, through the Bureau of Prisons, must first compute credit for

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

time served under 18 U.S.C. § 3585(b), we vacate the district court's orders and remand with instructions to dismiss Mr. Reed's petitions without prejudice for lack of jurisdiction.

I.

Although some of the following procedural facts are not otherwise evident from the record provided to us, Mr. Reed has not challenged the summary set out in the district court's July 26, 2007, order denying his first § 2241 petition. *See* R., doc. 45.[1] Accordingly, we rely on the district court's summary.

On August 5, 2005, Mr. Reed was arrested and subsequently charged with an unspecified offense in the District Court of Sedgwick County, Kansas, in Case No. 05-CR2101. He was also held on a parole violation in another state matter, Case No. 04-CR2647. He remained in continuous state custody until March 17, 2006, when his probation in Case No. 04-CR2647 was revoked, and he was sentenced to serve the remainder of the original forty-month term in that case. He also was sentenced to seventeen months' custody in Case No. 05-CR2101, to run consecutively to the sentence in Case No. 04-CR2647.

Meanwhile, on August 23, 2005, Mr. Reed was indicted in the United States District Court for the District of Kansas for a violation of 18 U.S.C.

---

[1] Although the record transmitted to this court by the district court clerk does not contain Mr. Reed's first petition or the district court's order denying that petition, we take judicial notice of those documents. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

§ 922(g) as a felon in possession of a firearm. On February 17, 2006, a writ of habeas corpus *ad prosequendum* was filed pursuant to which Mr. Reed was delivered into federal custody on March 31, 2006. He pleaded guilty to the federal charge on August 15 and was sentenced on November 6 to thirty-six months' custody, to run consecutively to the state sentences. He was returned to state custody on November 11, 2006.

On May 31, 2007, apparently at the conclusion of his state sentences, Mr. Reed was delivered back to federal custody to await designation by the Bureau of Prisons (BOP). On July 16, Mr. Reed filed his first § 2241 petition, arguing that because he was held in state custody and denied bail solely because of a federal detainer, he was entitled to credit toward his federal sentence under 18 U.S.C. § 3585(b) for all the time he spent in custody since August 5, 2005.

The district court denied the first petition, finding that the BOP had acknowledged, upon inquiry by Mr. Reed's probation officer, that Mr. Reed likely would get credit under § 3585(b) for time served from March 31, 2006, through November 11, 2006, and again for time in federal custody commencing on May 31, 2007, while he was awaiting designation. Based on this finding, the court ruled that "[i]t seems" that Mr. Reed would get credit for some of the time spent in federal detention, but that if he did not, he could "take the matter up with the [BOP]." R., doc. 45 at 3.

On August 10, 2007, Mr. Reed filed his second § 2241 petition, in which he essentially reiterated the arguments made in his first petition. The district court treated the second petition as both a motion for reconsideration and a request that the court order the BOP to give him the credit he requested. The court denied the second petition without discussion on August 14, 2007, and Mr. Reed appealed.

## II.

We review de novo the denial of Mr. Reed's § 2241 petitions. *See Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007). We construe Mr. Reed's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As relevant here, 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The BOP has long been responsible for computing sentencing credit under § 3585(b) and its predecessor, 18 U.S.C. § 3568 (repealed 1987), and that calculation occurs when the BOP imprisons a defendant. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Under *Wilson*, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for district court review,

-4-

and the district court lacks jurisdiction. *See id.*; *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992).

It is clear that at the time Mr. Reed filed his petitions, the BOP had not made a sentencing-credit determination. Mr. Reed must first permit the BOP to compute any sentencing credit. If he is dissatisfied with the result, he may seek judicial review after exhausting administrative remedies. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (analyzing exhaustion requirement under statutory predecessor of § 3585(b)); 28 C.F.R. §§ 542.10 to 542.19 (setting forth the BOP's Administrative Remedy Program).

Accordingly, we VACATE the district court's orders of July 26, 2007, and August 14, 2007, and REMAND the case with instructions to dismiss Mr. Reed's petitions without prejudice for lack of jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge