# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2010

No. 08-50435

Lyle W. Cayce
Clerk

JACKIE LEROY PIERCE

Petitioner - Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY and GARZA, Circuit Judges, and STARRETT, District Judge.[*]

PER CURIAM:

Jackie Leroy Pierce, federal prisoner # 49294-080, appeals the denial of his petition pursuant to 28 U.S.C. § 2241, seeking a nunc pro tunc designation of a state facility as the place in which he would serve his federal sentence.

## I

Pierce was convicted in federal court of conspiracy to possess with intent to distribute methamphetamine. While his state criminal proceeding for possession of amphetamine was still pending, he was sentenced in federal court on March 17, 2004, to 130 months of imprisonment. Two days later, he was

---

[*] District Judge of the United States District Court for the Southern District of Mississippi, sitting by designation.

No. 08-50435

convicted in state court of possession of amphetamine and sentenced to ten years of imprisonment. The state court sentence was to run concurrently to his federal sentence, if so allowed by the federal authorities, but the judgment and conviction in the federal criminal proceeding is silent as to whether the federal sentence should be served concurrently or consecutively with any state sentence.

Pierce, now a federal prisoner, filed a petition pursuant to 28 U.S.C. § 2241 in December 2007 when he was a Texas state prisoner. Pierce sought an order stating that his federal sentence was to be served concurrently with the state sentence he was then serving. The Bureau of Prisons (BOP) sent a letter to the sentencing court on February 1, 2008, explaining that Pierce had requested credit towards his federal sentence for his time spent in state custody and seeking the district court's position as to whether a nunc pro tunc designation might be appropriate in Pierce's case.

In response to the BOP's letter, the sentencing court, on March 7, 2008, sua sponte amended the judgment and sentence in Pierce's criminal proceeding to indicate that his federal sentence was to run consecutively to his state sentence. The district court referred to the amended judgment and denied Pierce's § 2241 petition as lacking merit. Pierce filed a motion for a certificate of appealability (COA) that served as a timely notice of appeal.

II

Only the Attorney General, through the BOP, may compute a prisoner's credits. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence. *See Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990); *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003) (unpublished) (citing *Barden)*.

When Pierce filed this habeas petition, the BOP had not yet made a

2

determination of whether to make a nunc pro tunc designation that would give Pierce credit for his time served in state prison. The BOP retained discretion to do so because Pierce's original federal sentence did not preclude that sentence from running concurrently to a later-imposed state sentence. By modifying the judgment in the criminal case in response to the BOP's inquiry, and denying Pierce's § 2241petition on the merits, the district court prevented the BOP from making a determination that was left to the BOP's discretion.[1] *See Wilson*, 503 U.S. at 333 (holding that the BOP and not the district court calculates credits).

Other circuits have held that before the Attorney General has made a determination of a prisoner's credits, there is no case or controversy ripe for review when the prisoner challenges his credits. *See, e.g., United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992); *Reed v. United States,* 262 F. App'x 114, 116 (10th Cir. 2008) (unpublished); *United States v. Jeter*, 161 F.3d 4, 1998 WL 482781, *2 (4th Cir. 1998) (unpublished table decision); *see also McCarty v. Dewalt*, No. 5:08-CV-433-JMH, 2009 WL 235675, at *3 (E.D. Ky. Jan. 29, 2009) ("McCarty's [§ 2241] request is not ripe for review by this Court until the Attorney General, through the BOP, has made a final decision with respect to his request [for a nunc pro tunc designation].") (citations omitted). We agree with those courts, and hold that a habeas petition requesting a nunc pro tunc designation is not ripe until the BOP makes a final decision on the prisoner's

---

[1] For this reason, the district court did not have jurisdiction to modify Pierce's sentence in order to preclude his request for time credit; nor does it appear that there was any other jurisdictional basis on which district court could modify the sentence. *See* 18 U.S.C § 3582; *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). However, we cannot disturb that separate order here, on Pierce's appeal of the denial of his § 2241 petition, because such petitions may challenge only the BOP's administration of a sentence and not the sentence itself. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Our dismissal of Pierce's appeal should not be read to prevent Pierce from bringing a challenge to his amended sentence under § 2255; because of the timing of the district court's sua sponte modification to the sentence, he has not yet had the opportunity to challenge it.

No. 08-50435

nunc pro tunc request. The district court did not have jurisdiction to rule on the merits of Pierce's unripe habeas petition.

## III

Accordingly, the district court's denial of Pierce's petition is VACATED and REMANDED to the district court with instructions to dismiss the petition for lack of jurisdiction.

VACATED and REMANDED.