# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 10-30243
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD E. MELBERT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20082-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Chad E. Melbert, federal prisoner # 11959-035, is appealing the district court's denial of his postjudgment motions challenging his conviction and sentence and the manner in which his sentence is being executed. Following his guilty plea to being a felon in possession of a firearm, Melbert was sentenced to a term of imprisonment of 72 months, to run consecutively to any sentence that Melbert received for violating his state probation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Melbert is challenging the validity of his indictment, grand jury proceedings, and the imposition of the consecutive sentence. These claims arise under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, the district court did not directly address the § 2255 claims or the time bar issue. Further, the district court did not provide Melbert with the warnings required under *Castro v. United States*, 540 U.S. 376, 381-83 (2003), and did not determine whether or not a certificate of appealability should be granted, a jurisdictional requirement to an appeal from the denial of a § 2255 motion. The record reflects that the district court did not necessarily construe Melbert's filing as a motion under § 2255. The dismissal of those claims as presented in the motions below is affirmed and the dismissal modified to be without prejudice to Melbert's presentation of them in a proper § 2255 motion. We express no opinion or intimation concerning whether such a motion would be time barred.

Melbert further argues that the state court subsequently sentenced him to 84 months of imprisonment, the sentence to run concurrently with his federal sentence and that he is seeking credit on his federal sentence for the time served on the state sentence. Insofar as Melbert is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

The district court was correct that a state court's order that its sentence is to run concurrently with a federal sentence is not binding on a federal sentencing court. *See Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003). However, it is not clear whether the state sentence served by Melbert included the probation revocation sentence referred to by the district court in imposing a consecutive sentence for the firearm offense given that the record reflects two subsequent state court convictions for attempted manslaughter and no adjudication of a probation violation. If the district court's judgment does not

No. 10-30243

preclude a federal sentence from running concurrently with a later imposed state sentence, the Bureau of Prisons (BOP) has the discretion to give a defendant credit for time served in state prison. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Therefore, the case is remanded to the district court for a determination whether Melbert is entitled to a credit on his federal sentence for time spent serving a state sentence.

The Government argues for the first time on appeal that the district court did not have jurisdiction to review the motions because Melbert has not exhausted his administrative remedies. If a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first exhaust his administrative remedies with the BOP before pursuing judicial review of the BOP's computations. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir.1992). A request for judicial review of a sentencing credit issue is not ripe until the BOP's makes a final decision on the request. *Pierce*, 614 F.3d at 160. The district court did not address the issue of exhaustion in its order denying the motions. Therefore, it is recommended that the issue of exhaustion and the threshold issue of ripeness be addressed upon remand of the case.

Melbert contends for the first time on appeal that the federal offense and his probation violation were based on the same information and were related by temporal proximity and that multiple punishments for the same offense-related conduct must run concurrently. Melbert also contends for the first time that the federal government had no jurisdiction over the firearm charge because it cannot interfere with his Second Amendment right to bear arms. This court will not consider for the first time on appeal from the denial of habeas relief arguments that were not raised by the petitioner in the district court. *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009). In his reply brief, Melbert argues for the first time that his Fifth Amendment right against self-incrimination was violated when he pleaded guilty, he was denied the effective assistance of counsel, and his

No. 10-30243

excessive incarceration violated the Eighth Amendment. This court generally will not consider issues raised for the first time in a reply brief. *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

The judgment of the district court is affirmed, but modified to be a dismissal without prejudice with respect to any claims challenging Melbert's conviction or sentence that arose under § 2255. The judgment is vacated with respect to any § 2241 claims that challenge the manner in which his sentence is being executed. The case is remanded for consideration of whether Melbert is entitled to any credit on his federal sentence for time served on a state sentence that Melbert has served and also for a determination whether Melbert has exhausted his claims, thus, rendering the claims ripe for judicial review.

AFFIRMED AS MODIFIED IN PART, VACATED IN PART AND REMANDED.