# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30831
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER JACK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-167

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Christopher Jack, federal prisoner # 14035-035, pleaded guilty to being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1), and in January 2009 the district court sentenced Jack to 120 months of imprisonment and a three-year term of supervised release. In April 2009, Jack pleaded guilty to a related charge in state court, and the state court sentenced Jack to nine years of imprisonment, ordering his state sentence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30831

run concurrently with any other sentences. When Jack commenced serving his federal sentence, the Bureau of Prisons (BOP) refused to give him credit toward his federal sentence for time he had spent in state custody that had been credited toward his state sentence. The BOP also declined to make a nunc pro tunc designation of the state prison as the place where Jack commenced serving his federal sentence. As a result, Jack is serving his federal sentence consecutively to his state sentence.

Jack unsuccessfully challenged the BOP's computation of his sentence in a 28 U.S.C. § 2241 petition. *Jack v. Carlson*, No. 1:12-CV-3027 (W.D. La. June 11, 2013). Upon the denial of his § 2241 petition, Jack returned to this criminal proceeding and filed a motion seeking to have the district court correct or amend the judgment of conviction to reduce his sentence and give effect to the state court's order for concurrent sentences. The district court denied Jack's motion, and it denied his subsequent motion for reconsideration. It is the denial of Jack's motions in this criminal proceeding that are before us now for review.

The district court had the discretion, when sentencing Jack, to order Jack's federal sentence to run consecutively to his then-anticipated state sentence; we presume from the district court's failure to specifically order a concurrent sentence that it intended to impose a consecutive sentence. *See* 18 U.S.C. § 3584(a); *Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012). The method for computing a federal prisoner's sentence is found at 18 U.S.C. § 3585. Section § 3585(b) provides that a defendant is entitled to credit for time spent in official detention prior to being received in federal custody if that prior time has not been credited toward another sentence. § 3585(b). However, only the Attorney General through the BOP, and not the sentencing court, is

No. 13-30831

authorized to calculate credit for time spent in official detention under § 3585. *See United States v. Wilson*, 503 U.S. 329, 335 (1992).

Jack's motion to amend or correct was styled as a motion filed pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The district court correctly determined that a request for sentencing credit is not cognizable in a Rule 36 proceeding. *United States v. Mares*, 868 F.2d 151, 151-52 (5th Cir. 1989). Jack argues here, as he did in his motion for reconsideration, that his request for relief was an omnibus motion inviting the district court to correct the judgment of conviction under any authority it might have. In addition to § 3585 and Rule 36, Jack lists U.S.S.G. § 5G1.3(b) and BOP Program Statement (BOPPS) 5160.05 as possible alternative sources of authority allowing the district court to adjust his sentence.

The Sentencing Guidelines are to be considered by a district court in fashioning a sentence upon conviction. *See Gall v. United States*, 552 U.S. 38, 49 (2007). Nothing in § 5G1.3 purports to allow a district court to revisit a sentence that has already been imposed. *See* § 5G1.3. Under the BOP's nunc pro tunc designation procedure set forth in BOPPS 5160.05, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see Hunter v. Tamez*, 622 F.3d 427, 429 & n.2 (5th Cir. 2010). The district court has no authority under BOPPS 5160.05 to make a nunc pro tunc designation, but it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition. *See Pierce*, 614 F.3d at 160. Thus, none of the sources urged by Jack authorized the district court to grant the relief he sought.

No. 13-30831

A claim that a federal sentence is constitutionally invalid should be brought in a proceeding under 28 U.S.C. § 2255. *See* § 2255(a); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Jack's contention is not that his federal sentence, as imposed, is unconstitutional. Instead, Jack maintains that the execution of his federal sentence consecutively to his service of his state sentence undermines the voluntariness of his guilty plea to the state court charge since that plea was predicated upon his understanding, as well of that of the attorneys involved and the state court judge, that Jack's state and federal sentences would run concurrently. Claims regarding the execution of a sentence are properly brought in a § 2241 proceeding. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). With respect to the execution of Jack's federal sentence, he has already unsuccessfully raised his claims for sentence credit in his prior § 2241 petition. On the record before us, it is impossible to determine whether the voluntariness of Jack's state plea would be the proper subject of a § 2241 petition. *See Hunter*, 622 F.3d at 432.

AFFIRMED.

4