# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

No. 15-30423

DARRYL EDWARD ROBERTSON, also known as Darryl Edward Robert,

Petitioner–Appellant,

v.

T. G. WERLICH, Warden, Federal Correctional Institution Pollock,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-392

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Darryl Edward Robertson, proceeding pro se, appeals the denial of his 28 U.S.C. § 2241 habeas petition. In his petition, Robertson challenges the decision of the Bureau of Prisons ("BOP") to deny him credit, through a nunc pro tunc order, toward his federal sentence for time served in state custody. We reverse and remand for further proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30423

## I. FACTUAL AND PROCEDURAL BACKGROUND

Both Robertson's federal and state convictions relevant to this appeal arose out of the same criminal episode. In 1999, Robertson was arrested for breaking into a home and stealing several firearms. Following his arrest, Robertson pled guilty in the United States District Court for the Eastern District of Texas to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) for the firearms he stole during the burglary. He was sentenced to 212 months' imprisonment and three years of supervised release for this conviction. After his federal sentence was imposed, Robertson was remanded to state custody. In state court, Robertson pled guilty to burglary of a habitation and was sentenced to 25 years' imprisonment. In 2012, Robertson was paroled and transferred to federal custody to begin serving his federal sentence.

While serving his state sentence, Robertson requested a nunc pro tunc designation from the BOP, which would designate his state facility as the location of service for his federal sentence, effectively allowing his state and federal sentences to run concurrently. His request was denied in November 2008.[1] In 2012, Robertson again sought administrative relief from the BOP, which was also denied. In February 2013, Robertson filed a motion requesting that the district court "clerically amend or correct" the judgment in his case to indicate that his state and federal sentences should run concurrently. The court denied the motion, holding that Robertson had "not sustained his burden of proving the judgment contains a clerical error."

---

[1] In August 2008, Robertson filed a motion for a nunc pro tunc order in the United States District Court for the Eastern District of Texas, requesting that the court order his state and federal sentences to run concurrently. It does not appear that any action was taken on this motion.

2

No. 15-30423

In February 2015, Robertson filed a § 2241 petition for writ of habeas corpus in the United States District Court for the Western District of Louisiana. A magistrate judge issued a report and recommendation advising that the petition be denied and dismissed with prejudice. The district court adopted the magistrate judge's recommendation in its entirety. Robertson timely appealed.

## II. DISCUSSION

A § 2241 motion is the proper procedure for a prisoner to challenge the manner in which his or her sentence is executed. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). It is also the proper procedure to obtain credit for time previously spent in custody. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). In the appeal of a § 2241 motion, we review questions of law de novo and findings of fact for clear error. *Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003) (per curiam).

Robertson acknowledges that "the Attorney General, through the BOP, has the responsibility for administering [his] sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (per curiam). The BOP's decision to deny such a request is reviewed for an abuse of discretion. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

The written judgment for Roberston's federal conviction is silent as to whether his federal sentence was to be served concurrently with his state

sentence.[2] Typically, when the record is silent or unclear as to whether the sentencing court intended for a federal sentence to run concurrently with a state sentence, the BOP contacts the sentencing court to determine whether it objects to a concurrent sentence. *See Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010); BOP Program Statement 5160.05 at 6. Robertson's sole argument on appeal is that the BOP abused its discretion in failing to contact his sentencing court to determine whether it objected to Robertson serving his state and federal sentences concurrently.

Although we can affirm on any basis in the record, *Hunter*, 622 F.3d at 430, we decline to do so at this time.[3] The record relied on by the district court was sparse, and the Government never filed a response to Robertson's habeas petition. On appeal, we requested a response from the Government, and the Court granted its request to supplement the record. The Government has supplemented the record with several relevant documents, including a letter that it alleges is the very one Robertson contends the BOP failed to send. But, the supplemental filing does not include any proof that the letter was actually sent to the sentencing court. In fact, the letter, which is dated August 28, 2008, is addressed to the Honorable Howell Cobb of the United States District Court

---

[2] No transcript is available for Robertson's sentencing hearing.

[3] In adopting the magistrate judge's report and recommendation, the district court relied on a prior order denying Robertson's Motion to Amend or Correct Judgment pursuant to Federal Rule of Criminal Procedure 36. It reasoned that "[a]lthough the BOP did not contact the sentencing court, that court's position was made clear in its order denying Petitioner's Motion to Amend or Correct Judgment." But, we do not believe that the sentencing court's ruling on Robertson's motion clarifies whether it intended for Robertson's sentences to run concurrently. As the sentencing court explained in its order denying the motion, Rule 36 allows a court to correct "clerical errors," Fed. R. Crim P. 36, such as a discrepancy between an oral statement at a sentencing hearing and the written judgment, *see, e.g*, *United States v. Spencer*, 513 F.3d 490, 491–92 (5th Cir. 2008). Holding that Robertson had failed to meet his burden to demonstrate a clerical error existed is not a clear declaration of the court's intent as to whether Robertson's sentences should run concurrently.

No. 15-30423

for the Eastern District of Texas, who died in 2005. There is nothing in the record to indicate that the letter was received by any other judge in the United States District Court for Eastern District of Texas. Therefore, in light of this addition to the record on appeal, we reverse and remand for the district court to evaluate the relevance of this letter in the first instance. *See Theriot v. Par. Of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

### III. CONCLUSION

For the foregoing reasons, the district court's denial of Robertson's habeas petition is REVERSED and REMANDED for further proceedings consistent with this opinion.