# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20710

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ALVIN MARK EILAND,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-699-1

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Alvin Eiland was indicted on various federal wire fraud and money laundering charges, arising out of a fraudulent residential mortgage scheme. He pleaded guilty and was sentenced to 48 months' imprisonment and three years of supervised release. Eiland was subsequently sentenced in state court to a ten-year sentence on state law charges stemming from the same fraudulent activity. The state court ordered that Eiland's state sentence run

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20710

concurrently with his prior federal sentence. The federal district court's sentence was silent as to whether it was to run concurrently with or consecutively to Eiland's state sentence.

After he was sentenced in federal court, Eiland sent a letter to the Federal Bureau of Prisons ("BOP"), inquiring about "how much credit he had on his [f]ederal sentence." The BOP interpreted Eiland's letter as a request for a retroactive nunc pro tunc designation that his federal sentence run concurrently to his state sentence. In accordance with its procedures and pursuant to *Bearden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), the BOP sent a letter to the district court, asking whether the district court had intended Eiland's sentence to run consecutively or concurrently to his state sentence. The district court entered an "Order on Sentence," stating that Eiland's federal sentence was to run consecutively to his state sentence. The BOP informed Eiland that his request for nun pro tunc relief was denied. Eiland moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing in part that the district court's Order on Sentence violated his due process rights. The district court denied the motion. Eiland now appeals, arguing that the district court's Order on Sentence modified his sentence without jurisdiction and amended its final judgment in violation of his due process rights.

18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Thus, the "district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). We have repeatedly applied the presumption of consecutiveness in circumstances where a federal sentence predates a state sentence arising from the same conduct. *See, e.g., Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) ("[T]he district court here offered no opinion as to whether [Defendant's] sentences should run

consecutively or concurrently . . . accordingly, his state and federal sentences ran consecutively, because the district court did not specify otherwise.") (internal quotations marks and alterations omitted) (quoting *Free*, 333 F.3d at 553).

Here, the district court did not specify whether Eiland's federal sentence was to run concurrently or consecutively to his state sentence. Accordingly, the presumption of consecutiveness applied to Eiland's federal sentence at the outset. The district court's Order on Sentence specifying that Eiland's sentence was to run consecutive to his state sentence thus did not constitute a modification of his sentence or an amendment of the district court's final judgment.

Relying on *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010), Eiland argues that a district court may not amend a final judgment in such a way as to effectively prohibit the BOP from exercising its discretion to grant nunc pro tunc relief. *Pierce* is inapposite for two reasons. First, as noted above, the district court's Order on Sentence did not amend its final judgment—it simply made explicit the implicit statutory presumption of consecutiveness. Second, the district court in *Pierce* ruled on the defendant's habeas petition *before* the BOP had an opportunity to make its nunc pro tunc determination. *See id.* Consequently, the district court's actions in *Pierce* effectively foreclosed any opportunity for the BOP to grant relief. Here, by contrast, Eiland filed his § 2255 motion *after* the BOP denied him nunc pro tunc relief. Thus, the district court's denial of Eiland's motion to vacate had no impact on the BOP's nunc pro tunc determination, which it made at its own discretion.

The district court's order is AFFIRMED.