# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2018

Lyle W. Cayce
Clerk

No. 17-50753
Summary Calendar

JOSEPH JAMES FALCETTA, JR.,

Petitioner–Appellant,

v.

UNITED STATES OF AMERICA,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-72

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Joseph James Falcetta, Jr., federal prisoner # 06247-078 and Texas prisoner # 822447, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, challenging the Bureau of Prison's (BOP) refusal to grant him sentencing credit toward his future 120-month federal sentence for time spent serving his current 44-year state sentence. We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50753

the district court's dismissal de novo. *Garcia v. Reno*, 234 F.3d 257, 258 (5th Cir. 2000).

To the extent that the district court based its dismissal on the determination that it lacked jurisdiction because Falcetta was not "in custody" for purposes of challenging his future federal sentence, that determination was error given that Falcetta is the subject of a federal detainer. *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 493 (1989). Nevertheless, dismissal for lack of jurisdiction was appropriate because Falcetta failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition. *See Ballard v. Burton*, 444 F.3d 391, 401-02 (5th Cir. 2006); *see also Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); 28 C.F.R. § 542.15. Thus, his sentencing-credit claim was not ripe for review. *See Pierce*, 614 F.3d at 160.

If his brief is liberally construed, Falcetta also appears to assert that he is actually innocent of the underlying 18 U.S.C. § 924(c) offense and that the Government suppressed exculpatory evidence regarding that offense, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). These claims will not be considered both because they were not raised below and because they are not properly brought in a § 2241 petition. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

AFFIRMED.