# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 21-30330

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIE JAMES COOK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-1010
USDC No. 3:19-CR-174-1

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Willie James Cook, federal prisoner # 21194-035, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g).  In his § 2255 motion, Cook contended that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30330

he received ineffective assistance when his counsel failed to advocate for a reduced sentence based on time that he served in state custody for an offense related to his § 922(g) offense.  The district court dismissed the § 2255 motion as untimely and, alternatively, on the merits.  Cook also appeals the district court's dismissal without prejudice of his motion to modify his sentence, which is construed as arising under 28 U.S.C. § 2241.

Because Cook fails to challenge the district court's denial of his § 2255 motion as time barred, he has abandoned the issue.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  Cook has thus not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  It is unnecessary to address the merits of his claims. *See Houser v. Dretke*, 395 F.3d 560, 561-62 (5th Cir. 2004).  Accordingly, a COA is DENIED.

The district court dismissed Cook's § 2241 petition without prejudice for lack of jurisdiction because Cook failed to exhaust his administrative remedies.  Cook does not argue that he exhausted administrative remedies; he instead argues that the exhaustion requirement is not jurisdictional.  His argument is unavailing. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).  Even if Cook was correct in his assertion, because Cook was incarcerated in the federal prison in Beaumont, Texas when he filed his § 2241 petition in the Western District of Louisiana, the district court nevertheless lacked jurisdiction to entertain the petition. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).  Accordingly, the district court's dismissal of Cook's § 2241 petition without prejudice is AFFIRMED.  Cook's motion to proceed in forma pauperis is DENIED.